By the Court.—Freedman, J.
The question presented by this appeal is a very simple one, though *215 both parties have taken advantage of the many irregularities heretofore committed in this case, to involve it in doubt. It relates to the right of the defendants to a bill of costs amounting to $177.77 under a judgment which has been reversed. The action was for the recovery of the possession of personal property, and the judgment awarded the possession to the defendants and assessed its value. The judgment was entered upon the report of a referee, and it was reversed by the general term for an erroneous assessment of damages, with costs to the appellant (plaintiff) to abide.the event, and a new trial ordered.
Upon the second trial the defendants again prevailed, taxed their costs at $101.19, and entered judgment not only for these costs, but also for $177.77, the costs and disbursements taxed on the first occasion.
This, judgment was, in several other respects not necessary to be mentioned here, irregular. These irregularities were corrected on plaintiff’s motion, and, among other things done, the provision as to the award of the $177.77 of costs was stricken out.
Subsequently the defendants moved at special term for leave to re-tax their costs before the clerk, which motion was denied, and from the order of denial entered thereon, the present appeal is taken.
The motion was founded upon an affidavit, and the only ground assigned for it, so far as the papers on this appeal show, was that inasmuch as the reversal of the first judgment was for a mere technical error of the referee, their right to the costs included in said judgment should not be impaired by it, and that hence the whole amount of such costs should be re-allowed precisely as they had once been taxed. No items were pointed out which could have been allowed on a re-taxation as just and proper ones, independently of the ground assigned for the motion, nor were the items which made up the sum of $177.77 brought before the court.
*216 The proposition advanced by the defendants was, therefore, one which should have been urged upon the general term that adjudged the reversal, and which, whether urged or not, had certainly been determined by that tribunal against the defendants, for the decision was that, the judgment should be reversed with costs to the appellant (plaintiff) to abide the event. The reversal thus adjudged carried with it a reversal of the bill of costs, the amount of which had been inserted in the judgment, and it adjudged the costs of the appeal to the plaintiff in case of final success.
After such adjudication neither the clerk nor the court at special term possessed the right to allow the defendants to tax costs for proceedings that had been vacated for error. The statutory right of a party to costs attaches only to such proceedings as are regular. The order should be affirmed with costs.
Sanford, J., concurred.